## Brooke's Estate (No. 1).

*Auditors—Compensation—Discretion of court—Surcharge of account-
ant—Counsel fees—Committee of lunatic—Lunacy.*

Where an auditor in passing upon a large number of exceptions to the
account of a committee of a lunatic, takes testimony to the extent of
422 printed pages, and consumes forty days in taking testimony and
in preparing his report, an allowance of $15.00 per day by the lower
court will not be disturbed by the appellate court.

A committee of a lunatic will not be deprived of his right to compensa-
tion merely because he made some trifling mistakes in the management of
the estate, without having been guilty of any serious misconduct, neg-
ligence or lack of good faith.

A committee of a lunatic will be allowed reasonable compensation for
fees paid to counsel employed to collect and preserve the property of the
lunatic.

A committee of a lunatic has no right to use the funds of the luna-
tic's estate to pay counsel for the purpose of procuring his own retention
in the office of committee.

Argued Dec. 10, 1907.   Appeal, No. 147, Oct. T., 1907, by
Victorine H. Brooke, from decree of C. P. No. 1, Phila. Co.,
Dec. T., 1901, No. 3,968, dismissing exceptions to auditor's
report in the estate of James Henry Brooke, lunatic.   Before
RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD
and BEAVER, JJ.   Decree modified.

Exceptions to report of Benjamin Daniels, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to the referee's
report.

*Edwin F. Schively* and *Wm. W. Porter,* with them *Sidney E.
Smith,* for appellant.—The court below erred in refusing to
disallow counsel fees to accountant, committee of the lunatic,
amounting to one-third of the whole fund: Equitable Trust
Co. v. Garis, 190 Pa. 544; Tarr's Est., 10 Pa. Superior Ct. 554;
Bloomer's App., 25 Pitts. L. J. 73; Ashley v. Holman, 44 S.
Car. 145.

The learned court below erred in approving the auditor's fee of $600—nearly one-third of the distributable balance: Thomas's Est., 1 Dauphin County Rep. 381; Funk's Est., 1 Pa. C. C. Rep. 430; Wiest v. Koons, 2 Pa. C. C. Rep. 317; Vandermark's Est., 16 Pa. C. C. Rep. 542; Miller's Est., 8 Lanc. L. R. 249; Bracken's Est., 138 Pa. 104; Mesner's Est., 1 Monaghan, 600; Fielemyer's Est., 20 W. N. C. 72.

The learned court below erred in allowing the accountant commissions of five per cent: Gelbach's Est., 14 Pa. Dist. Rep. 51; Wood's and Martin's App., 86 Pa. 346; Heft's Case, 22 Pa. C. C. Rep. 534; Simon's App., 19 W. N. C. 94.

*George Henderson*, with him *Dilworth P. Hibberd*, for appellee.

OPINION BY PORTER, J., July 15, 1908:

This appeal is from the decree of the court below, dismissing exceptions to and confirming the report of the auditor appointed to pass upon the exceptions filed by the appellant to the account of Samuel P. Tull, committee in lunacy of James Henry Brooke. The alleged lunatic having died on July 12, 1904, the appellant is interested as one of his heirs. The hearings before the auditor were numerous and protracted, the appellant pressed her exceptions with persistency, and the evidence which was produced and the auditor called upon to consider, when printed, makes a volume of 422 pages, which is presented as the appendix to the paper-book of the appellant in this case. The auditor was called upon to pass on many exceptions, covering a variety of items, and all the exceptions seem to have been pressed with equal earnestness. The consideration of the testimony and the preparation of the careful report of the auditor, taking the exceptions up in detail, necessarily required much time, and the statement of the auditor, in his report, that the taking of the testimony, the consideration thereof and the preparation of his report occupied his time for at least forty days, does not seem unreasonable. The court below, after argument, decreed that the auditor was entitled to compensation at the rate of $15.00 per day, which under the statute it was vested with a discretion to do, and, after fully

examining the whole record, we are not satisfied that the fixing of the compensation at that rate involved an abuse of discretion.  We are not disposed to disturb the finding of the court below as to the amount of compensation to which the auditor was entitled, and the ninth specification of error is overruled.  The appellant contends that the court below erred in refusing to impose the costs of the audit upon the accountant, but the record and the evidence do not present a case in which the trustee should be subject to such a penalty, and the eighth specification of error is dismissed.  The evidence disclosed that the accountant may have made some trifling mistakes in the management of the estate, but it failed to establish any such misconduct, negligence, or lack of good faith, as would warrant the court in holding that he had forfeited his right to compensation for the services performed, and the tenth specification of error is dismissed.

The first, second, fifth, sixth and seventh specifications of error complain of the allowance to the accountant of the several amounts which he had paid to counsel in legal proceedings.  The legal proceedings referred to by these specifications of error were undoubtedly carried on in the interest of the estate, for the purpose of collecting and preserving the property of the lunatic.  The auditor reduced the amounts of some of these charges, allowing the accountant credit not for what he had actually paid, but for what the legal services were really worth.  The accountant was entitled to the services of counsel in these proceedings, and we are not convinced that the amounts for which the auditor allowed the accountant credit, are more than a reasonable compensation for the legal services performed.  The first, second, fifth, sixth and seventh specifications of error are dismissed.

This appellant had not, in the first instance, agreed to the appointment of Samuel P. Tull, as a committee of the estate of James Henry Brooke, her brother, the alleged lunatic, and some time after the appointment had been made she presented a petition to the court praying for the removal of Mr. Tull from the office of committee.  The removal of Mr. Tull would not have taken the estate of the lunatic out of the

custody of the court, the only effect would have been to substitute some other person as committee. It is manifest that the removal of Mr. Tull could have had no effect upon the quantum of the lunatic's estate, nor could it have established any claim against the estate, nor deprived the estate of any demands which it might have upon others. The only question involved was who should act, as the officer of the court and under its direction, in preserving the estate for the lunatic. Had Mr. Tull resigned or been removed the legal status of the estate would have remained unaffected by such change. When the petition was presented asking for his removal, he might have permitted the court to pass upon the question, without any aid from him, and the entire estate of the lunatic would have remained subject to the control of the court, unaffected by his retention in or removal from office. He elected to resist the effort to remove him from office. His reason for doing this he stated in his testimony, viz.: "He would not be driven out." This, then, was simply a contest as to who should be committee of the estate of the lunatic. The appellee undoubtedly had a right to resist the effort to remove him, but those who engage in warfare of this kind must pay for their own ammunition. He had no right to spend the money of the lunatic for the purpose of employing counsel to keep himself in the position of committee. The learned counsel for the appellee argues, that if the accountant had been removed from the office of committee, the appellant might have procured the appointment of some "colorless" person as committee and the estate of the lunatic might have been sacrificed, but an apprehended danger of this nature does not warrant a trustee in appropriating the funds of the estate to the payment of the fees of counsel retained for the purpose of merely preventing his own removal from the management of the trust property: Yerkes's Appeal, 99 Pa. 401. But where an attempt is made to remove an administrator of the estate of the decedent, he cannot appropriate the money of the estate to the payment of fees of counsel retained to assist in his endeavor to show that his management of the estate has been proper and that he should be continued in office. Even an executor is not entitled to a

credit in his account for the amount of fees paid to counsel for their professional services in trying an issue of devisavit vel non involving the validity of the will of his testator: Mumper's Appeal, 3 W. & S. 441; Royer's Appeal, 13 Pa. 569; Clauser's Estate, 84 Pa. 51; Reimer's Estate, 159 Pa. 212. The question of the right of the committee of a lunatic to use the funds of the estate for the purpose of procuring his own retention in the office of committee does not seem to have been directly ruled in Pennsylvania, but it has been in other jurisdictions and the conclusion reached is in harmony with the decisions of our own courts in analogous cases. It was said in In re Colvin, 4 Maryland Chancery Decisions, 126: "The committee and receiver, as long as he fills those offices, will be, and has been, allowed all proper and reasonable fees paid to counsel for advice and assistance in the discharge of his duty, and in aiding him to preserve and defend the estate. But beyond this he cannot go. If he chooses to carry on a litigation for his office, he must pay the costs out of his own pocket. He holds the office out of the discretion of the court, and should a dispute arise in regard to the propriety of continuing him in it, or appointing some one in his stead, the controversy must be conducted by the parties interested in the estate, and at their own expense." The claim of the accountant of credit for $250 for fees paid to counsel in resisting the application for his removal from office should have been disallowed, and in that amount he must be surcharged. The third and fourth specifications of error are sustained.

The decree is modified, and it is ordered that the accountant be surcharged in the sum of $250, being the amount for which in his account he takes credit as of June 13, 1903, for cash paid for services in rule to remove committee, and for arguing appeal in Superior Court. And it is ordered further that the costs of this appeal be paid by the appellee and that the record be remitted to the court below for further proceedings.