## Porter *versus* Mayfield.

1. As a deed of conveyance is intended to define the relations between the parties to it, it is not contradicted when it is shown that the vendee purchased in trust for a third person; for such evidence only establishes a new and consistent relation.

2. But evidence, that, at the time of the conveyance, the vendee agreed to hold the title in trust for the vendor, is a flat contradiction of the written instruments established by the parties as the bond and the evidence of their relation, and oral evidence of this character is inadmissible.

3. Where a man conveys land to another by deed, and afterwards enters into an agreement with his vendee- by which he is to reside on, superintend, occupy, and farm the land for the vendee, and does so for several years, apparently under said agreement, he will not be allowed to defend his possession against his vendee by oral testimony that his conveyance was made in trust for himself.

ERROR to the Common Pleas of *Lancaster county.*

An action of ejectment was brought by Geo. A. J. Mayfield *v.* Samuel S. Porter, to recover a tract of about 119 acres of land in Lancaster county, and at the trial both parties claimed under Col. James Porter, deceased.

Col. Porter died in 1817, leaving a will, by which he directed the land in question to be sold, and bequeathed the proceeds thereof, with his residuary estate, to his three nephews, Dr. John, James, and Samuel S. Porter (the defendant below); and in the year 1821, James and Samuel S., and their wives, conveyed all their interests in the estate of their deceased uncle to their brother Dr. John Porter, by deeds absolute upon their face.

Dr. John Porter having since died in the city of Philadelphia, proceedings in partition upon this tract were instituted in the Orphans' Court of Lancaster county, which resulted in an appraisement and refusal by his heirs, and a sale and conveyance by a trustee appointed for the purpose, to Dr. George A. J. Mayfield, (the plaintiff below), for the price of $8 per acre, he having notice of the defendant's claim.

The plaintiff below also read in evidence an agreement between Dr. John Porter and Samuel S. Porter, dated May 31, 1825, by which the former employed the latter to occupy, farm, and manage the tract in question, for the annual salary of $100, to continue until the revocation of the agreement. The plaintiff claimed a verdict as owner of the property, and landlord of the defendant below.

The defendant below did not dispute the execution of the con-

veyances to Dr. John Porter, or of the agreement between him and Samuel S. Porter, the defendant, but contended that they were made without pecuniary consideration, and in pursuance of a parol arrangement among the brothers to provide a home for the latter and secure it from the effects of his apprehended mismanagement and intemperance; and that with this understanding, the farm was used and treated by Samuel S. Porter as his own, with the knowledge and consent of Dr. John Porter, to whom no return or acknowledgment was ever actually made. Evidence of these facts was given, which was not referred to the jury, the Court having instructed the jury that the defendant could not dispute his landlord's title, unless by showing that he had disclaimed it and held adversely to it for over twenty-one years. This was the principal matter complained of in this Court.

*Stevens* and *Hiester*, for plaintiff in error.

*Ford*, for. defendant in error.—That a tenant cannot dispute the title of his landlord, reference was made to 4 *Bin.* 473, Galloway *v.* Ogle; 6 *Id.* 47; *Id.* 62; 5 *Watts* 64, Boyer *v.* Smith; 6 *Barr* 154, Baskin *v.* Seechrist.

The opinion of the Court was delivered by

LOWRIE, J.—Only one point here requires any special notice. It is insisted that, when the Court instructed the jury that the tenant could not dispute his landlord's title, they improperly assumed the very point in dispute, the fact of tenancy. But it is not so; the writings proved it. The principle is, that when the relation of landlord and tenant appears, that relation must be dissolved, and the possession restored before the tenant can set up another title.

The tenant insists that, when the oral testimony is regarded, that fact does not appear; and yet the Court instructed the jury that it did. In the mind of the Court the writings were conclusive evidence of the fact; and the principle involved in the instruction is, that oral testimony cannot be allowed to contradict the terms of a written agreement; and thus the Court set aside all the oral testimony. This is right; and it not only cuts up the defence, but takes away all pretences of trust on such evidence.

There are cases wherein trusts may be proved by oral testimony; but not in violation of the rule that protects written agreements against such testimony. As a deed of conveyance is intended to define the relations between the parties to it, it is not contradicted when it is shown that the vendee purchased in trust for a third person; for such evidence only establishes a new and consistent relation. But evidence that at the time of the conveyance, the vendee agreed to hold the title in trust for the vendor, is a flat

[Porter *v.* Mayfield.]

contradiction of the written instruments executed by the parties as the bond and the evidence of their relation, and would make them void from their very inception. Oral testimony can have no such power. As between vendor and vendee, such testimony cannot be heard to change a title, absolute on its face, into a trust.

Judgment affirmed.