# Thomas Barry *v.* Edward C. Hill, Defendant, and Rebecca L. Gillespie, Terre Tenant, Appellant.

[Marked to be reported.]

*Trusts and trustees—Resulting trust—Trust ex maleficio—Statute of limitations—Act of April 22, 1856—Evidence.*

A trust ex maleficio can only result from some act of bad faith, and a mere refusal to perform a parol contract to hold or convey land is not sufficient to create such a trust.

An owner of ground rents conveyed them to another and placed the deed on record. Two years afterwards he conveyed the same ground rents. as his own, to a third party, whose title by various conveyances devolved upon defendant. The grantee under the first deed died, having devised his estate to plaintiff. Defendant acquired title about ten years after the death of the grantee in the first deed. In an action for arrears of ground rent defendant offered to show that the conveyance to plaintiff's testator was without consideration, and upon an agreement that the ground rents were to be sold subject to the exclusive ownership of the grantor, and that the grantee had no interest in them, and that the grantor after the conveyance received the interest on them. *Held*, that the evidence was properly excluded because it was insufficient to establish a trust ex maleficio, and, even if it did, the trust was barred by the act of April 22, 1856, P. L. 533.

In such a case if the offer had gone further and alleged a breach of the parol agreement, it would not have been sufficient to establish a trust ex maleficio.

The act of 1856 applies as well to resulting trusts which arise ex maleficio, as to those which are founded upon the payment of purchase money.

Argued Jan. 11, 1895.    Appeal, No. 59, July T., 1894, by terre tenant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 1071, on verdict for plaintiff.    Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit for arrears of ground rent.    Before BIDDLE, J.

At the trial it appeared that suit was brought Feb. 4, 1893, to recover ground rent arrears reserved out of premises on Bancroft street in Philadelphia, conveyed in 1871, by Matthew Hall to Edward C. Hill, by deeds which reserved two ground rents of forty-eight dollars per year each.    These ground rents were assigned by Matthew Hall, the covenantee, to John Rards-

ley in 1873, and by John Bardsley to Thomas Gannon in 1877. The deeds above referred to were recorded 'at Philadelphia each within a few months of its date. Thomas Gannon died Oct. 24, 1880, having, by his last will, dated Oct. 3, 1880, devised all his estate to plaintiff. The specific claim was for arrears of ground rent accruing on and after Sept. 1, 1881, with interest on each item of the arrears.

The present owner of the premises, Rebecca L. Gillespie, by leave of court, intervened to defend. The defence was that John Bardsley made the assignment to Thomas Gannon, a man in his employment, in 1877, only for his, Bardsley's, convenience, and that Bardsley retained the ownership and control, and in 1879 by a deed, then recorded, assigned these ground rents as his own to the Samuel Miller Savings and Building Association, which, in 1882, assigned them to William Whiteside, the then owner of the premises, thus effecting an extinguishment.

Defendant's counsel made the following offer: " I propose to show by John S. Hammond, a witness called for the purpose, that the alleged assignment of ground rents by John Bardsley to Thomas Gannon was made without consideration, upon the agreement between the parties that they were to be sold subject to the exclusive ownership of John Bardsley, and that Thomas Gannon had no interest in them; and also that as to these two ground rents John Bardsley received the interest for his own use after the date of the assignment." Also, " that the custody of these ground rent papers, other than the alleged assignment to Thomas Gannon, is in the present owner, Miss Gillespie, and that she has received them in the ordinary course of conveyancing from the vendor." Objected to. Objection sustained and exception. [2]

Plaintiff, having been called on his own behalf, testified that he knew Thomas Gannon, the deceased assignee of the ground rents and plaintiff's testator, and that Gannon had died three or four weeks after the witness first met him (which had been at a time when Gannon was lying sick), was asked by his counsel: "Q. Do you know where he had been employed prior to his illness?" Objected to. Objection overruled and exception. [1]

Binding instruction was given for plaintiff. [3, 4]

Verdict and judgment for plaintiff for $1,742.52.

*Errors assigned* were (1, 2) rulings; (3, 4) instructions; quoting instructions and bills of exception, but not quoting evidence.

*John G. Johnson* and *Henry T. Dechert,* for appellant.—Gannon was a trustee ex maleficio: Bisph. Eq., 5th ed. p. 133; Lingenfelter v. Richey, 62 Pa. 123; Seichrist's Ap., 66 Pa. 237; Keegle v. Wentz, 55 Pa. 369; Squires's Ap., 70 Pa. 266; Long v. Perdue, 83 Pa. 214; Davies v. Otty, 35 Beav. 213; Booth v. Turle, L. R. 16 Eq. 182; Lincoln v. Wright, 4 De G. & J. 16; Haigh v. Kaye, L. R. 7 Ch. Ap. 473.

It is submitted that a gross fraud will be perpetrated, rather than an estate preserved, if the judgment in this case stands; that the evidence which was admitted, and that which was offered, show circumstances which would warrant a jury in finding that the assignment by Bardsley to Gannon was without consideration, and that plaintiff, whose title was not heard of for over twelve years after Gannon's death, cannot defeat a merger and extinguishment which was effected openly and notoriously in Gannon's lifetime.

Plaintiff was incompetent under act of May 23, 1887, § 5, P. L. 158.

*F. B. Bracken, Joseph V. Gallagher* with him, for appellee. —There being no allegation of fraud or unfair dealing on the part of Gannon in obtaining the deed from Bardsley, appellant is estopped from denying the consideration therein expressed: Belden v. Seymour, 8 Conn. 304; Bank v. Houseman, 6 Paige Ch. 535; Gardner v. Lightfoot, 71 Iowa, 577; Jack v. Dougherty, 3 Watts, 151.

Proof of the alleged agreement by parol testimony would be in direct contravention of § 4 of the act of April 22, 1856, P. L. 533.

Bardsley's alleged interest in the ground rents after his conveyance to Gannon depended entirely upon a parol agreement, the breach of which, under the decisions, could not constitute the latter a trustee ex maleficio: Williard v. Williard, 56 Pa. 125; Kellum v. Smith, 33 Pa. 158; Porter v. Mayfield, 21 Pa.

263 ; Blodgett v. Hildreth, 103 Mass. 486 ; Leman v. Whitley, 4 Russ. 423 ; Moran v. Hays, 1 Johns. Ch. 342; Rathburn v. Rathburn, 6 Barb. 98; Seely v. Morse, 16 Johns. 197; St. John v. Benedict, 6 Johns. Ch. 111; Maffitt v. Rynd, 69 Pa. 386; Hoge v. Hoge, 1 Watts, 214. See also Strimpfler v. Roberts, 18 Pa. 280 ; Walter v. Kloch, 55 Ill.

If the receipt of interest on these rents continued Bardsley in possession, his possession must, under the authorities, be regarded as in trust for Gannon, his vendee: Ingles v. Ingles, 150 Pa. 397 ; Olwine v. Holman, 23 Pa. 284.

The possession of which an incorporeal hereditament like a ground rent is susceptible, cannot, in the nature of things, be such possession as in the case of land will protect a parol trust from the operation of the statute of frauds.

Appellant is precluded from setting up a resulting trust in this case owing to lapse of time since the transaction in which it is alleged to have originated: Act of April 22, 1856, P. L. 532 ; Hollinshead's Ap., 103 Pa. 158; Silliman v. Haas, 151 Pa. 52 ; Christy v. Sill, 95 Pa. 380 ; Way v. Hooton, 156 Pa. 8.

Plaintiff was a competent witness: Adams v. Bleakley, 117 Pa. 283. But there was sufficient evidence without his.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895 :

The deed from Bardsley to Gannon was made January 18, 1877, and was recorded September 26, 1877. It contained, among other things, an assignment to Gannon of the ground rents now in question. The appellant alleges that Bardsley in 1879, by a deed then made and recorded, assigned the same ground rents, as his own, to the Samuel Miller Savings and Building Association, which, in 1882, assigned them to William Whiteside, the then owner of the premises, thus effecting an extinguishment. An examination of the record of deeds at any time after September 26, 1877, would have disclosed the conveyance by Bardsley to Gannon which was therefore notice to all the world of Gannon's title. That title devolved upon the present plaintiff by virtue of the will made by Gannon October 3, 1880, and duly proved on October 27, 1880. The plaintiff's title was therefore disclosed by the record from the latter date. The defendant's title was acquired by deed from Whiteside and Hall, trustees, dated March 7, 1890, at which time

plaintiff's title had been nearly ten years of record, and with nothing showing any reconveyance from Gannon to Bardsley.

In these circumstances the defendant, Mrs. Gillespie, offered to show on the trial, that the conveyance from Bardsley to Gannon was made without consideration, and upon the agreement that the ground rents were to be sold subject to the exclusive ownership of John Bardsley, and that Thomas Gannon had no interest in them; also that Bardsley received the interest for his own use after the date of the assignment; also that certain other ground rent papers were in the custody of Mrs. Gillespie, received in the ordinary course of conveyancing.

This offer of testimony was rejected by the court below and to this decision the second assignment of error is made, thus raising the chief question in the case.

It is contended that the proof, if received, would have established a trust ex maleficio in favor of Bardsley, and, therefore, of his successors in the title. It is contended for the appellee that the proof offered would not establish a trust ex maleficio, and if it did, the trust is barred by the statute of limitations.

It seems to us that both of these objections are fatal to the offer.

A trust ex maleficio can only result from some act of bad faith, and a mere refusal to perform a parol contract to hold or convey land is not sufficient to create such a trust. There is no act of bad faith on the part of Gannon alleged in the offer. He was a mere grantee of the ground rents without consideration and subject to an agreement to sell them for the exclusive use of Bardsley, according to the offer. The absence of consideration would be of no moment of itself, and, in point of fact, Gannon never sold the ground rents to any one. On the contrary it is a part of the offer of proof that Bardsley received the interest for his own use after the assignment. It was not proposed to prove that Gannon ever denied the alleged parol agreement or that he made any effort to prevent Bardsley from taking the rents, or that he ever asserted title in himself, or did any act in contravention of the agreement offered in evidence. He simply continued to hold the title which Bardsley voluntarily gave him, until his death. As his death did not occur until nearly four years after the inception of his title, Bardsley had ample opportunity to assert, and secure,

his claim of title, during Gannon's life, but it does not appear that he ever did so. In such circumstances we think it impossible to raise a trust ex maleficio.

But even if the offer had gone farther, and alleged a breach of the parol agreement, it would not have been sufficient.

In Kellum v. Smith, 33 Pa. 158, we held that a promise to purchase real estate at a sheriff's sale, and to convey it to the defendant in the execution, whenever he should repay to the purchasers their advances to him, does not raise a resulting trust in favor of the defendant. STRONG, J., delivering the opinion, said : " When the purchaser at a sheriff's sale promises to hold for the debtor, and afterwards refuses to comply with his agreement, the fraud, if any, is not at the sale, not in the promise, but in its subsequent breach. That is too late. It is abundantly settled that equity will not decree such a purchaser to be a trustee, unless there is something more than the mere violation of a parol agreement. . . . It may in all cases be assumed that when a promise is made to buy or hold for another, confidence is invited and more or less reposed. So it is in every parol contract for the purchase of lands ; but the statute of frauds would be worse than waste paper if a breach of the promise created a trust in the promisor, which the contract itself was insufficient to raise."

In Williard v. Williard, 56 Pa. 119, we held that in a transaction claimed to create a resulting trust, if there is nothing more than is implied from the violation of a parol agreement, equity will not decree the purchaser a trustee. Said AGNEW, J., in an opinion reviewing the cases, " The language of the cases was almost run into a formula in which it is said, ' but where there is nothing more in the transaction than is implied from the violation of a parol agreement, equity will not decree the purchaser a trustee.' "

Porter v. Mayfield, 21 Pa. 263, is to the same effect. In Hoge v. Hoge, 1 Watts, 214, GIBSON, J., said : " The question has been as to the circumstances which constitute such a fraud as will be made the foundation of a decree. A mere refusal to perform the trust is undoubtedly not enough, else the statute which requires a will of lands to be in writing would be altogether inoperative."

There are many other cases of the same kind but it is unnecessary to cite them.

As to the statute of limitations the cases are equally clear, and the bar of the statute applies as well to resulting trusts which arise ex maleficio, as to those which are founded upon the payment of purchase money.

In Christy v. Sill, 95 Pa. 380, which, on its facts, was a clear case of fraud, and a consequent resulting trust ex maleficio, we held that the trust was barred by the sixth section of the act of 22d April, 1856, which prohibited any right of entry by reason of any implied or resulting trust within five years after the trust accrued.

In Hollinshead's Appeal, 103 Pa. 158, we held the same doctrine, and also that there must be more than the violation of a mere parol agreement respecting land to create the trust.

We applied the same rule to another case of trust ex maleficio, in Silliman v. Haas, 151 Pa. 52, and held it was barred by the statute.

In Way v. Hooton, 156 Pa. 8, we enforced the rule again, holding that the act of 1856 was a statute of repose requiring a liberal construction in support of titles, and holding that it contained no exception in favor of persons under disabilities.

It is not essential to pursue the subject further.    This title by means of a trust ex maleficio, is sought to be set up without proof of any fraudulent acts either in the inception of the title or subsequently, against a good record title ten years after its inception, and we are clearly of opinion that it cannot be done.

We do not consider the first assignment of error as it becomes entirely unimportant in view of the testimony subsequently given, and of the considerations above expressed upon the main subject of contention.

Judgment affirmed.