# Sherman *v.* Herr, Appellant.

*Equity—Answer—Responsive answer—Contracts—Evidence.*

A responsive answer to a bill in equity denying the existence of a contract is met and overcome, where three disinterested witnesses for the plaintiff testify to the existence of the contract, and this evidence is supported by the testimony of the plaintiff and admissions of the defendant.

*Contract—Consideration—Mutuality—Joint purchase of shares of stock—Equity—Specific performance.*

An oral contract between two persons to purchase shares of stock of a corporation does not lack mutuality, where by its terms it provides that the purchase is to be made by either of the parties as opportunity might offer, for their mutual benefit, and that after the shares were purchased they were to be equally divided between the parties, each paying one-half of the purchase price. In such a case either party has the right in the exercise of good faith to pay what he deems proper for the stock, and the other party must pay one-half of the money expended. If it appears that the stock is not procurable in the market, and that its pecuniary value is not readily ascertainable, the contract may be specifically enforced. The person purchasing the stock and refusing to share it with the other party, is a trustee ex maleficio of the other party, and equity will enforce the trust.

Where the original subscribers to the stock of a corporation agree that in case any of them might desire to sell their stock, they shall first offer it to the remaining subscribers, and it appears that of the remaining three original subscribers two had sold their stock to other parties in violation of the agreement, such an agreement cannot be set up against the other one of the three original subscribers when he attempts to compel a third party to deliver to him stock which such third party had contracted to deliver.

Argued Feb. 18, 1908. Appeal, No. 353, Jan. T., 1907, by defendant, from decree of C. P. Lebanon Co., Equity Docket, 1906, No. 9, on bill in equity in case of Ray T. Sherman v. Rudolph F. Herr. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for specific performance. Before EHRGOOD, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree enforcing specific performance.

*C. V. Henry*, with him *W. U. Hensel*, for appellant.—The contract is void for uncertainty : Sherman v. Sherman, 17 S. & R. 45 ; Graham v. Graham's Executors, 34 Pa. 475 ; Hammer v. McEldowney, 46 Pa. 334 ; VanHorn v. Munnell, 145 Pa. 497 ; Purves's Estate, 196 Pa. 438 ; Frick v. Ozias, 1 Phila. 177.

A court of equity will not decree specific performance of an agreement to buy and divide shares of stock where it has an ascertainable market value, more than half the stock of the company having changed hands within a year at slightly varying prices : Goodwin Co.'s Appeal, 117 Pa. 514.

*Charles H. Killinger*, for appellee.—Mutual promises are a valuable consideration for a binding contract that surviving stockholders should have an option to purchase stocks at book values ; such an agreement is valid and lawful : Fitzsimmons v. Lindsay, 205 Pa. 79.

The contract is enforceable in equity : Northern Cent. Ry. Co. v. Walworth, 193 Pa. 207 ; Fitzsimmons v. Lindsay, 205 Pa. 79 ; Goodwin Co.'s Appeal, 117 Pa. 514 ; Leach v. Fobes,

77 Mass. 506 ; Cushman v. Thayer Mfg. Jewelry Co., 76 N. Y. 365 ; Bumgardner v. Leavitt (W. Va.), 12 L. R. A. 776.

A trust exists as to this stock : McCutcheon v. Smith, 173 Pa. 101 ; Fairlamb v. Hempshire, 7 W. N. C. 92 ; Kennedy v. McCloskey, 170 Pa. 354.

OPINION BY MR. JUSTICE MESTREZAT, March 16, 1908 :

The court below found the following contract to have been entered into by the parties : " Ray T. Sherman, the plaintiff, and R. F. Herr, the defendant, on August 20, 1906, mutually and verbally agreed with each other to procure by purchase the 150 shares of stock of A. G. Stauffer and the 150 shares of stock of W. A. Wengert in said Calcite Quarry Company for their mutual benefit, the purchase to be made by either of them, as opportunity might offer, and after being so purchased the said shares were to be equally divided between them, each paying one-half of the purchase price."

There was ample evidence before the court to support this finding. At least three disinterested witnesses in addition to the plaintiff and the admissions of the defendant sustain the contract as found by the court. The responsive answer of the defendant to the bill was, therefore, overcome by the testimony on the part of the plaintiff. In fact, the defendant's own admissions when on the witness stand tend to contradict his answer filed to the plaintiff's bill. The learned judge was clearly right in finding the contract to be as he has stated it in his opinion.

There was no lack of mutuality in the contract. Sherman and Herr agreed to buy the 300 shares of stock owned by Stauffer and Wengert, and divide the shares between them. Either party was to make the purchase as opportunity might offer, and each was to pay one-half of the purchase price. The contract was, therefore, mutual, and the mutual promises constitute a valuable consideration and make the contract valid : Berger's Appeal, 96 Pa. 443 ; Fitzsimmons v. Lindsay, 205 Pa. 79 ; 23 Cyclopedia of Law and Procedure, 452.

The contract between the parties contemplated the purchase of the Stauffer and Wengert stock and its division equally between the plaintiff and the defendant. It is true there was no specific price fixed by the parties in their agreement at

which the stock was to be purchased. This, however, was not necessary to the validity of the contract. The stock was to be purchased for the mutual benefit of the parties, and either was authorized to make the purchase whenever there was a favorable opportunity. The price at which the purchase was made fixed the price which the one making the purchase was to receive from the other party. The main and important feature of the agreement was the purchase of the stock, both parties being willing to pay the price at which it could be obtained. Each party, therefore, was unrestricted as to the price he should pay the owner of the stock, and the other party was bound to accept it at the price at which, in good faith, the purchase was made. Either party making the purchase had the right to enforce contribution from the other for the one-half of the money expended to obtain the stock. The contract as to price, therefore, is capable of being made certain, and hence the maxim id certum est quod certum reddi potest is applicable.

We have no doubt as to the right of the plaintiff to have specific performance of the contract. It appears from the findings of the court that the stock is not procurable in the market and its pecuniary value is not readily ascertainable. It further appears that the stock is of peculiar value to the plaintiff in order that he may obtain a proper and legitimate control over the management of the corporation. In such cases, the court will require the party to specifically perform the contract and deliver the stock: 26 Am. & Eng. Ency. of Law (2d ed.), 122; Leach v. Fobes (Mass.), 71 Am. Dec. 732; Cushman v. Thayer Manufacturing Jewelry Company (N. Y.), 32 Am. Rep. 316; Bumgardner v. Leavitt (W. Va.), 12 L. R. A. 776. Under such circumstances, the injured party would sustain irreparable injury and adequate relief could not be given by an action at law. Equity would, therefore, afford him relief: Northern Central Railway Company v. Walworth, 193 Pa. 207; Goodwin Company's Appeal, 117 Pa. 514; New England Trust Company v. Abbott, 162 Mass. 148.

The contract entered into by the parties required them to act in the utmost good faith towards each other in purchasing the stock. Each acted for the other as well as himself. Equity, therefore, will not permit the purchaser to hold the

stock which was purchased for the other party. A party purchasing stock under the circumstances of this case becomes a trustee and holds it for the other party in the joint venture: 23 Cyclopedia of Law and Procedure, 455. He is a trustee ex maleficio for the plaintiff and as such is required to account to the plaintiff for the one-half of the stock he purchased: Kennedy v. McCloskey, 170 Pa. 354; Fairlamb v. Hempshire, 7 W. N. C. 92. Confidence was reposed by the plaintiff and defendant in each other in entering into the contract to make the purchase of this stock, and justice forbids that it shall be abused: Rankin v. Porter, 7 Watts, 387.

It is argued by the defendant's counsel that the plaintiff is not entitled to relief in equity because it would violate the agreement between the original subscribers which provides that in case any of them might desire to sell their stock they shall first offer it to the remaining subscribers who should have the option to buy. That argument, however, overlooks the fact that there are only three of the original stockholders owning stock at this time, two besides the plaintiff; and that these two stockholders have by their action in selling their stock to other parties waived their right to insist upon the enforcement of the agreement between the original stockholders. There are, therefore, none of the present owners of the stock who are in a position to assert his right to enforce the agreement between the original stockholders to buy the stock of anyone who desired to sell.

Under the facts found by the court below, which are amply supported by the evidence, the plaintiff is entitled to the relief he seeks in the bill filed in this case, and, therefore, the decree is affirmed.