# Turney, Appellant, v. McKown.

*Real property—Trusts ex maleficio—Parol promises to convey—Statute of Frauds—Act of April 22, 1856, P. L. 532.*

1. While it is true that trusts ex maleficio arise by implication or construction of law and are excepted out of the operation of

the Statute of Frauds, no rule is better established than that a trust ex maleficio can arise only at the inception of the title from fraud practiced in obtaining the title.

2. A trust ex maleficio may not be created by subsequent declarations in effect acknowledging the trust. Where the transaction implies nothing more than the breach of a parol agreement equity will not decree a trust.

3. In an action of ejectment where plaintiff claimed title under the will of a devisee who had, together with her husband, who was her devisor, conveyed the land in suit to defendant by deed absolute, and where plaintiff introduced evidence to show that the land had been conveyed to defendant with the understanding that the land was to be reconveyed upon payment by the husband grantor of a debt to be contracted by him with a third person, but that defendant had refused subsequently to reconvey the land though the debt had been paid, the court made no error in entering judgment for defendant n. o. v., in the absence of evidence to show any fraud in the procurement of the conveyance to defendant. Such evidence showed no more than the breach of a parol agreement to reconvey the land in suit.

Argued October 10, 1913. Appeal, No. 198, October T., 1913, by plaintiff, from judgment of C. P. Westmoreland Co., August T., 1912, No. 156, in favor of defendant n. o. v., in case of Robert W. Turney v. D. K. McKown. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment to recover lands in Westmoreland County. Before DOTY, P. J.

The opinion of the Supreme Court states the facts.

The jury found a verdict for plaintiff. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*H. H. Fisher,* with him *M. N. McGeary* and *Rabe F. Marsh,* for appellant.—The evidence was sufficient to

·establish a trust ex maleficio: Blick v. Cockins, 234 **Pa.**
261.

*Paul H. Gaither,* with him *John C. Silsley* and *Charles
E. Whitten,* for appellee.—There was no evidence in this
case to establish a trust ex maleficio: Lowry v. Roy, 238
Pa. 9; Huffnagle v. Blackburn, 137 Pa. 633; Simon's
Est., 20 Pa. Superior Ct. 450; McCloskey v. McCloskey,
205 Pa. 491; Blick v. Cockins, 234 Pa. 261.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:
The action was ejectment. The common source of
title was in Obadiah McKown who became seized of the
premises in dispute in 1871 and remained in possession
until his death in March, 1907. On the trial, plaintiff
established a prima facie case by showing, first, the
will of Obadiah McKown, duly probated, in which he
devised his entire real estate to his wife, Katherine E.
McKown; and, second, the will of said Katherine E.
McKown, duly probated, in which she devised the prem-
ises in dispute to the plaintiff, Robert W. Turney. In
reply the defendant introduced in evidence a deed to
himself, his heirs and assigns, from the said Obadiah
McKown and Katherine E., his wife, for this very land,
dated 31st March, 1897, duly executed and acknowl-
edged. The plaintiff rejoined by calling witnesses to
show that this deed under which the defendant claimed,
was made with a view to serve a special purpose of the
grantor in connection with the debt which he was about
to contract with a third party, and with the understand-
ing that the land conveyed was to be reconveyed to him
by the grantee—the defendant—upon payment of the
debt so to be contracted. The debt was fully paid by
Obadiah within two or three years thereafter. The con-
veyance to the defendant, so far as we can see, was
wholly unnecessary to accomplish the only purpose sug-
gested by the evidence; but that is no part of our con-
cern. The contention of the plaintiff was and is that

the evidence so introduced by him on this branch of the case, if believed, established a trust by implication or construction of law, and therefore a trust falling within the exception to the Act of April 22, 1856, P. L. 532; in other words, the facts being as plaintiff's witnesses testified, that the defendant in seeking to withhold possession from the plaintiff and claiming to own the land in his own right became a trustee ex maleficio for the real owner. To make clear that we have stated exactly what plaintiff's contention is, we extract the following from his counsel's brief of argument appearing on page 42:

"We do not contend that there was any actual fraud committed at the time the defendant received his deed, but we do contend that his subsequent refusal to turn over the deed to Obadiah McKown when it was demanded from him, constituted such a breach of good faith and confidence as would be relieved against in law."

While this admission yields no ground that would have been available for purpose of defense, in view of the Act of April 22, 1856, which makes void the declarations or creations of trust not manifested by writing, signed by the party holding the legal title, what it reserves is untenable. True, trusts ex maleficio arise by implication or construction of law and are excepted out of the operation of the statute; but no rule is better established than that a trust ex maleficio can arise only at the inception of the title, from fraud when practiced in obtaining it. This rule is too familiar to call for any citation of authorities in support. It is not pretended that the evidence adduced by plaintiff shows any fraud in the procurement of the conveyance to the defendant; on the contrary, we have the express admission that it does not. That the evidence, if believed, shows subsequent declarations by the defendant in effect acknowledging the trust, comes to nothing. A trust ex maleficio may not be so created. Granting these admissions, and

giving them their legal effect, they simply show on defendant's part, when he claims the ownership of the land to be in himself, a breach of a parol agreement. Where the transaction implies nothing more,—and that is the most that can be adduced from the evidence here —equity will not decree a trust. Here again we are asserting a principle too familiar to call for citation of authorities.

The case called for binding instructions for the defendant, but having been submitted to the jury with a result that a verdict was rendered for the plaintiff, the court committed no error in entering judgment non obstante on motion of the defendant. The judgment is affirmed.