Meyer Estate.

Argued March 3, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*David Landau,* with him *Robert G. Coglizer,* for appellant.

*Willard M. Henkelman,* with him *O'Malley, Harris, Warren & Hill,* for appellee.

OPINION BY HIRT, J., July 14, 1953:

Fredericke Meyer died testate on December 14, 1929. Following provisions with which we are not concerned, her will states: "I direct that all the rest, residue and remainder of my real estate, personal and mixed, be converted into cash by my executors hereinafter named as soon as practicable . . . and after all my estate has been converted into cash I direct that the same be divided into equal shares between my five children . . .", naming them. William F. Meyer, a son, qualified and served as the surviving executor of his mother's estate until his death on February 27, 1950. All of the personal estate of decedent was converted into cash and on April 14, 1931, the proceeds, after the payment of creditors, was distributed equally among testatrix's children. The realty in the estate consisted in the premises at 630 Beech Street in Scranton with a two-story duplex dwelling house thereon. The first floor had been occupied by testatrix Fredericke Meyer during her lifetime and her bachelor son William F. Meyer

lived with her. The real estate was not sold, as directed in the will, but on the contrary, after his mother's death, William as executor leased the second floor apartment to various tenants in succession and he continued to occupy the first floor as his home until his death. He kept a record of receipts and disbursements in the management of the real estate but he mingled the rents received from second floor tenants with his own funds by depositing this income in his personal account in South Side Bank and Trust Company. He did not charge himself rent in any amount for the period of more than twenty years and he never filed an accounting of his administration of his mother's estate. On his death South Side Bank and Trust Company was appointed administrator c.t.a. of his estate.

Shortly after the death of William F. Meyer, Katherine Rech, then the sole survivor of testatrix's five children was appointed administrator d.b.n.c.t.a. of her mother's estate. In response to her petition for a citation, South Side Bank and Trust Company as administrator filed an account in the estate of Fredericke Meyer. The account charged the estate of William F. Meyer with a total of $3,165 received in rents from various second floor tenants and also admitted liability for his occupancy of the first floor of the house for 242 months at $10 per month. Disbursements made by the executor in maintaining the real estate as they appear in his record are not in dispute and the adequacy of the rental charges against William's estate for his occupancy of the home is not questioned. Katherine Rech as administratrix however filed a number of exceptions to the account, all of which were dismissed by the court. Her tenth exception questioned the failure of the accountant to charge the estate of William F. Meyer with interest on the net yearly balances of earnings of the real estate. This exception

raises the only question calling for discussion in this appeal.

Under section 44(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, since repealed, but applicable to the instant case, an executor in general was not liable for the payment of interest except "where he may have made use of the funds of the estate for his own purposes". "The fact" referred to in the opinion of the lower court "that the deceased executor had failed to keep a separate [bank] account for the rentals and commingled such funds with his own . . ." has support in the testimony.

It is the generally accepted rule that the representative of an estate is chargeable with interest where he uses the funds for his own benefit or profit. 18 A.L.R. 2d 1410, §19. In *Clauser's Estate,* 84 Pa. 51, following the holding of *Robinett's Appeal. Donnelly's Estate,* 36 Pa. 174, the rule was enunciated that "if an administratrix mix the funds of the estate with her own money and employ them both in trade, the parties in interest may at their option insist on having a proportionate part of the profits, or receive interest on the amount of the trust funds so employed". In *Gilbert's Appeal,* 78 Pa. 266, where one of the administrators mingled funds of the estate with his own and used them in his business, the accountants were charged with interest on the funds so treated. The bulk of the estate of William F. Meyer consisted in marketable securities and at the time of his death he had a cash balance with Bache & Company, his broker, of $2,503.52. It was a fair inference that securities had been bought with the mingled funds. But, regardless of that, there was liability for interest, in our view, on yearly balances because of the commingling by Meyer of moneys of the estate with his own and his failure to account for and distribute the income from the real estate over

the 20-year period. The releases taken from the testatrix's children on April 14, 1931, on distribution of the personal estate contemplated the "handling" of the real estate "by the Executors under the will, the same to be adjusted [i.e., accounted for] from time to time or at such time as the property is sold". Cf. *Biles's Appeal*, 24 Pa. 335; *Walker's Appeal*, 116 Pa. 419, 9 A. 654; *Kipp's Estate*, 286 Pa. 90, 132 A. 822; 16 Vale, Executors and Administrators, §104(3) and cases cited; 1 Remick 751, §253.

The exceptant is not barred from asserting the claim for interest on behalf of the beneficiaries of the testatrix on the ground of laches. Lapse of time, standing alone, is not sufficient in the absence of a showing of prejudice to the party who asserts it. *Pa. Co. for Banking and Trusts v. Phila.*, 167 Pa. Superior Ct. 637, 76 A. 2d 443; *Selmer et al. v. Smith et al.*, 285 Pa. 67, 131 A. 663. Delay which injures no one will not furnish reason for refusing relief. *McGrann v. Allen*, 291 Pa. 574, 140 A. 552. Cf. Restatement, Trusts, §219. In the present case the delay in seeking an accounting on behalf of the beneficiaries of testatrix's estate did not make an accounting difficult or inequitable. The process was simple and involved the striking of balances from a record of the second floor rentals as to which there is no dispute. And there was nothing inequitable in charging the accountant with interest on balances as to that part of the income nor on the nominal rent for the first floor which the accountant in good conscience included in the corpus of the fund for distribution.

The order in dismissing appellant's tenth exception is reversed; the account will be restated in accordance with this opinion. The order otherwise is affirmed.