359 A.2d 418

Clifford B. GRUBBS and Rose M. Grubbs, his wife

v.

Elizabeth DEMBEC, Administratrix of the Estate of Stanley Dembec, Deceased, Elizabeth Dembec, Individually and the Estate of Stanley Dembec, Deceased, Appellant.

Superior Court of Pennsylvania.
June 28, 1976.

20

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, for appellant.

Charles D. Coll, Pittsburgh, for appellees.

PRICE, Judge.

On November 4, 1974, the appellees' action for the partition of certain improved commercial real estate, held in common by the parties to this appeal, but in possession of the appellees, resulted in the entry of a Decree Nisi by the court below directing distribution of the proceeds from the sale of said real estate. The appellant [1]

---

1. Although the word "appellant" is used throughout this opinion, it must be noted that Elizabeth Dembec is appealing the final de-

contends that the lower court erred by failing to deduct from appellees' distributive share of the property the proportionate part of the rental value thereof to which she, as co-tenant not in possession, was entitled.[2] We agree, and therefore remand this case to the lower court to adjust its scheme of distribution in a manner consistent with this opinion.[3]

By deed dated August 29, 1958, Stanley Dembec, now deceased, and his wife, Elizabeth, conveyed to Clifford B. Grubbs and his wife, Rose, the sister of Elizabeth, a parcel of land located in Allegheny County. This conveyance was made pursuant to an oral agreement between the parties by which they were to combine their joint assets and enter the restaurant-tavern business. Thereafter, a commercial building was constructed on the property and a liquor license was secured. Unfortunately, serious disagreements arose between the parties which resulted in a suit in equity by the Dembecs against the Grubbs requesting a reconveyance of the property and either an accounting of the receipts and expenditures of the restaurant or a money judgment for the rental value of the premises.

After a hearing, the chancellor entered an adjudication on July 29, 1969, declaring the Grubbs to be trustees ex maleficio of a one-half undivided interest in the property, but denying the Dembecs an accounting of the restaurant business. The adjudication did not mention the

cree of the court below not only as the administratrix of the estate of her deceased husband, but also individually.

2. See the Act of June 24, 1895, P.L. 237, § 1 (68 P.S. § 101).

3. Although the appellees must be charged with rent for the time they were in possession of the property as a co-tenant, it is clear that they must also be given credit for any expenditures made by them during this time which enhanced the value of the real estate. However, even though the pleadings do carry some reference to the amount and character of appellees' expenses, we are unable to ascertain from the record before us the date of these expenditures. There is also no indication in the record of the fair rental value of the real estate. We therefore will also remand this case to the court below for a hearing to determine these matters.

Dembecs' request for rent. On August 18, 1969, the appellant filed exceptions to the chancellor's decree asserting, *inter alia*, that the chancellor erred by not ordering the Grubbs to pay one-half the fair rental value of the premises. The appellant's exceptions were dismissed by the chancellor, and the decree was affirmed *per curiam* by the Pennsylvania Supreme Court on June 28, 1971. *Dembec v. Grubbs*, 443 Pa. 564, 278 A.2d 487 (1971). On July 16, 1971, as trustees ex maleficio pursuant to the decree, the Grubbs conveyed an undivided one-half interest in the real estate to the estate of Stanley Dembec, deceased.

On June 29, 1971, the Grubbs initiated an action for the partition of the real estate. In answer to the Grubbs' complaint, the appellant joined in the prayer for partition of the real estate and again requested an allowance for rent. A responsive pleading was then filed by the Grubbs in which they asserted that the appellant's claim for rent was barred by the doctrine of res adjudicata because of the previous litigation. The Grubbs also averred a set-off and counterclaim alleging certain expenditures made while in possession of the land. On October 18, 1972, the court below dismissed all claims with respect to rent or expenses, declaring that these issues had been finally adjudicated in the prior action. Exceptions were filed to this order of the lower court, and, after argument, were dismissed on January 19, 1973. No appeal was taken from this action.

On March 26, 1973, a master in partition was appointed, and the property was sold to the Grubbs at a sale confined to the parties for $34,500. On November 4, 1974, the lower court entered a Decree Nisi, directing distribution of the proceeds equally to the co-tenants. The appellant filed exceptions to this decree, raising, *inter alia*, the dismissal of her claim for rent. On March 12, 1975, the lower court dismissed these exceptions, finding specifically that the appellant was precluded from

raising the issue of rent because she had failed to appeal from the ruling of the court below on January 19, 1973, which had previously denied this claim. We find that the appellant did not waive her right to raise this issue.

 It is clear that an interlocutory order is not appealable, absent express statutory authorization. *E. g., Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974); *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968). Here, we are governed by Pa.R.C.P. No. 1557, which provides:

"If the court determines that there shall be partition because of a default or admission or after a hearing or trial, the court shall enter an order directing partition which shall set forth the names of all the cotenants and the nature and extent of their interests in the property. Exceptions may be filed by any party to such order within twenty (20) days after the entry thereof. *An appeal may be taken from the ruling of the court en banc on the exceptions within thirty (30) days from the date of the ruling.*" (emphasis added)

Thus, the appellant had the unquestionable right to appeal from the dismissal of her exceptions by the court en banc on January 19, 1973. However, contrary to the ruling of the court below, we do not find that Pa.R.C.P. No. 1557 requires an appeal from the dismissal of exceptions to the interlocutory order directing partition. An appeal is merely permitted, not mandated, by Pa.R.C.P. No. 1557. The language of the Rule makes it optional with the dissatisfied party whether to appeal preliminarily or whether to proceed with the partition action and appeal from the final decree, as was done here. Certainly, Pa.R.C.P. No. 1557 must be viewed as ". . . an enabling statute and not a disabling one, taking away no rights which existed before its passage." (citation omitted) *Zakian v. Liljestrand*, 438 Pa. 249, 253, 264 A.2d 638, 640 (1970); *see also Schomaker v. Dean*, 201

Pa. 439, 50 A. 923 (1902). Therefore, we hold that the issue of rent was improperly denied consideration by the court below.

The appellant contends that the issue of rent was never adjudicated by either the chancellor or the Pennsylvania Supreme Court and, therefore, cannot now be barred by the doctrine of res adjudicata. We agree with this contention.

As we recently stated in *Martin v. Poole*, 232 Pa.Super. 263, 336 A.2d 363 (1975), " '[r]es judicata literally means a matter adjudged or a thing judicially acted upon or decided. From long usage it has come to encompass generally the effect of one judgment upon a subsequent trial or proceeding.' " *Id.* at 268, 336 A.2d at 366, *quoting McCarthy v. Township of McCandless*, 7 Pa.Cmwlth. 611, 615–16, 300 A.2d 815, 819 (1973) (footnote omitted). The lower court believed that the issue of rent was conclusively determined in the first proceeding. We find, however, that the chancellor never adjudicated the appellant's claim for rent, nor could he, because the issue was not germane to the proceeding before him. The chancellor specifically determined that:

"The pleadings present for our determination the following issues:

1. Should the Court order the defendants [Grubbs] to convey part of certain property to the plaintiff and make the defendants account for the assets and profits of a certain restaurant and bar business; and,

2. Is this plaintiff barred from maintaining this action by laches?"

Significantly, the issue of rent was never mentioned by the chancellor. The appellant based her claim for rent upon the Act of June 24, 1895, P.L. 237, § 1 (68 P.S. § 101), which provides that:

"[i]n all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants

in common and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled."

Certainly, a party seeking rent under this statute from a possessor of land must have an identifiable interest in said land as a tenant in common. Here, however, the appellant had no actionable right to receive rent from the Grubbs until the chancellor declared the Grubbs to be trustees ex maleficio of a one-half interest in the property in question. Thus, it is clear that the appellant's demand for rent in her complaint, and in her exceptions to the chancellor's decree, was improper. The appellant's right to receive rent arose when the chancellor filed his decree on July 29, 1969. Because the appellant's right of action arose when the chancellor's decree was filed, we cannot conclude that the decree also rendered this issue res adjudicata. We find instead that the doctrine of res adjudicata is simply inapplicable to the case at bar.

P.R.C.P. No. 1570 provides, in pertinent part, that:

(a) "The adjudication shall include findings of fact as follows: (5) the credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or therefrom."

26 

The lower court's Decree Nisi of November 4, 1974, which directed the distribution of the proceeds of the sale of the real estate, declared that "[t]here is no credit which should be allowed or charged which should be made in favor or against any party . . ." in regard to rent or expenditures. We hold that the lower court erred by not determining these items.[4]

 The appellant also contends that the final decree in partition misdescribes the property by metes and bounds. Undoubtedly, a party is ordinarily bound by admissions of fact. *Martin v. Poole, supra.* Here, the description given by the lower court in its Decree Nisi was the same description as averred by the appellees in their complaint and admitted by the appellant in her answer to the complaint. The appellant cannot now complain about the description of the property.

We therefore reverse the Order of March 12, 1975, and the record is remanded with a *procedendo*.

4. Recovery of the fair rental value of real estate will not be permitted unless the aggrieved party shows that he was out of possession and that the other tenant in common was in exclusive possession of the premises. *Sciotto v. Sciotto,* 446 Pa. 414, 288 A.2d 822 (1972). In their pleadings, the appellees contend that they never excluded the appellant from the premises, but they admit that they are in possession of the premises, have made repairs and additions to the premises without consulting the appellant, and have, in fact, acted as the sole owner of the premises. It would seem, therefore, that the definition of "exclusive possession," as set forth by the Pennsylvania Supreme Court in *Sciotto, supra,* has been satisfied by the appellees' admissions of fact.