60 B.R. 325 (1986)
In re Timothy W. COLE, Margaret Cole, Jointly Administered with C. Horse Farm, Inc., Debtors.
Margaret R. NOONE, Individually and as Co-Executrix of the Estate of John J. Noone, Deceased, Plaintiff,
v.
The FEDERAL LAND BANK OF BALTIMORE, Defendant.
Bankruptcy No. 85-03041G, Adv. No. 85-1037G.
United States Bankruptcy Court, E.D. Pennsylvania.
May 5, 1986.
*326 Desmond J. McTighe, McTighe, Weiss, Stewart, Bacine & O'Rourke, P.A., Norristown, Pa., for plaintiff, Margaret R. Noone, Individually and as Co-Executrix of the Estate of John J. Noone, Deceased.
David C. Patten, West Chester, Pa., for defendant, Federal Land Bank of Baltimore.
Gary M. Perkiss, Pozzuolo & Perkiss, Philadelphia, Pa., for debtors, Timothy W. Cole and Margaret Cole.

OPINION
EMIL F. GOLDHABER, Chief Judge:
The primary inquiry in the instant case is whether in Pennsylvania a mortgagee making payments under a future advance clause has priority over an alleged lienor whose lien arose after the creation of the mortgage but before the payments in question were made. Since we find that the mortgagee was obligated by the terms of the loan to make the payments in issue, we conclude that it has priority.
The facts of this case are as follows:[1] In the early part of 1982, the wife-debtor conveyed a parcel of realty in Chester County, Pennsylvania, known as C. Horse Farm, to her adult children for the consideration of $1.00. Both debtors contemporaneously transferred all of their stock in C. Horse Farm, Inc. to their children for an additional $1.00. Shortly thereafter the children conveyed the realty to C. Horse Farm, Inc., for $1.00.
In August of that year, C. Horse Farm, Inc., finalized all pertinent documents to borrow $72,000.00 from the Federal Land Bank of Baltimore ("Federal"), which is the defendant in this action. In exchange for *327 the loan, C. Horse Farm, Inc. granted Federal a mortgage in the realty during September of 1982, which was recorded in Chester County, Pennsylvania. For the payment of charges, settlement costs and other sundry expenses, the funds payable to C. Horse Farm, Inc., amounted to $66,346.48. Under the terms of the loan, Federal was obligated to advance this sum to the mortgagor.
Margaret R. Noone ("Noone"), the plaintiff in the instant action, filed a lis pendens against the property in November of 1982, in the Court of Common Pleas of Chester County. Accompanying the lis pendens was a copy of a complaint filed by Noone in the United States District Court for the Eastern District of Pennsylvania against the debtors, the four children and C. Horse Farm, Inc., which, inter alia, sought to set aside the conveyances of the Horse Farm realty. Between the time of the creation of the loan and the filing of the lis pendens, Federal disbursed $36,349.02 to, or on behalf of, C. Horse Farm, Inc. After the filing of the lis pendens Federal advanced the remaining sum of $29,997.46. Two years later the action commenced in the United States District Court culminated in a judgment setting aside the transfer of the realty from the wife-debtor to her children, and voiding the conveyance of the property from the children to C. Horse Farm, Inc. One year later the debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code.
Noone filed the instant suit in this court, individually and as co-executrix of the estate of her late husband. In the complaint Noone seeks to obtain the $29,997.46 disbursed under the mortgage after the filing of the lis pendens on the basis that Federal allegedly had knowledge of the lis pendens when it disbursed the funds.
Noone's theory is as follows: The funds in question were paid under a future clause of the mortgage. The lis pendens, while only an inchoate lien, ripened into a true lien on the entry of the judgment of the United States District Court, which lien had retroactive effect to the date of the filing of the lis pendens. The lien created by voluntary, non-obligatory payments made under a future advance clause of a mortgage is subordinate to a lien created or deemed created after the granting of the mortgage but prior to the payment of funds under the future advance clause. Thus, Noone would have us hold that the lien predicated on the $29,997.46 in payments made after the filing of the lis pendens is inferior to Noone's lien.
Under Pennsylvania law the filing of a lis pendens does not establish an actual lien on the subject property but it does serve to give notice to third persons that any interest they may acquire in the property will be subject to the result of the litigation between the plaintiff and the defendant. Dice v. Bender, 383 Pa. 94, 117 A.2d 725 (1955). In effect, the filing of a lis pendens creates an inchoate lien which ripens into a true lien if the plaintiff prevails in his suit against the defendant. The priority of the lien is given retroactive effect dating from the filing of the lis pendens. Id.
A future advance clause in a mortgage is a provision stating that funds advanced by the mortgagee after the creation of the mortgage will be secured by the mortgage. Housing Mortgage Corp. v. Allied Construction, Inc., 374 Pa. 312, 97 A.2d 802 (1953). As stated by the Pennsylvania Supreme Court on this subject:
The law is definitely established that an advance made pursuant to a mortgage to secure future advances which the mortgagee was obligated to make, is subordinate in lien to an encumbrance intervening between the giving of the mortgage and the making of the advance, if the advance was made with actual notice or knowledge of the intervening encumbrance; the lien of an advance under such circumstances dates only from the time it was made and not from the time of the creation of the mortgage. In other words, after notice of the existence of a junior lien, the senior mortgagee will not be protected in making further advances under his mortgage unless he is *328 under a binding obligation to make such advances.
Housing Mortgage Corp. v. Allied Construction, Inc., 374 Pa. 312, 321-22, 97 A.2d 802 (1953) (cites omitted). When an encumbrance in a parcel of realty arises after the creation of a mortgage but before the disbursement of funds under a future advance clause, the issue of priority between the mortgagee and the intervening encumbrancer is based on whether the future advances were obligatory. Id.
As applied to the case before us, Noone's success in the suit in the United States District Court may have accorded her lis pendens the status of a lien having priority as of the filing of the lis pendens.[2] The fact that the lien may have a priority as of the filing of the lis pendens the lien is of benefit to Noone only if the future advances under the mortgage were not obligatory. We found, above, that they were obligatory. Hence, Federal's mortgage has priority over any lien Noone may have under the facts of this case.
We will accordingly enter an order denying Noone all relief sought in her complaint.
NOTES
[1] This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.
[2] It does not appear that Noone filed the judgment of the District Court with the State Court in Chester County. The point has been mentioned by the parties but not thoroughly briefed. Nonetheless, if the absence of the recordation of the judgment in Chester County affected our decision, we presumably could grant Noone leave to effect the filing while holding the instant action in abeyance. This deficiency does not affect the outcome of our decision.