In re Arthur E. AULTMAN and Dorothy Aultman, Debtors.

ELECTRIC M & R, INC., Movant,

v.

Arthur E. AULTMAN, Dorothy Aultman, and K. Lawrence Kemp, Trustee, Respondents.

Bankruptcy No. 98–24822–MBM.
No. 98–2901M.

United States Bankruptcy Court,
W.D. Pennsylvania,
Pittsburgh Division.

Aug. 12, 1998.

Martha E. Bailor, Pittsburgh, PA, for Electric M & R, Inc.

Robert H. Slone, Greensburg, PA, for Dorothy M. and Arthur E. Aultman.

K. Lawrence Kemp, North West Kensington, PA, trustee.

### MEMORANDUM OPINION

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

Electric M & R, Inc. (hereafter "Electric M & R") moved for relief from the automatic stay in the above-captioned bankruptcy case so that it could proceed to execute upon realty owned by the debtors, Arthur E. Aultman and Dorothy Aultman. This Court granted Electric M & R's motion on July 21, 1998, after a hearing on the same date. This memorandum opinion sets forth in detail the basis for this Court's decision.

### STATEMENT OF FACTS

Electric M & R asserts that it is entitled to relief from the automatic stay in the instant bankruptcy case because, according to Electric M & R, the equitable interest in the debtors' realty is not property of the debtors' bankruptcy estate since the debtors held legal title to, but not an equitable interest in, said realty as of the date upon which they filed their bankruptcy petition. Electric M & R contends that it owned the equitable interest in the debtors' realty because the Pennsylvania Court of Common Pleas, Westmoreland County (hereafter "the Pennsylvania court"), impressed a constructive trust upon said realty in Electric M & R's favor at the conclusion of litigation instituted by Electric M & R against the debtors, as evidenced in paragraph 5 of that court's order dated May 22, 1998. The Pennsylvania court, in paragraph 1 of its May 22, 1998 order, also held that Electric M & R is entitled to judgment against both debtors in the amount of $451,214.00, which amount apparently represents the value of that property which the Pennsylvania court determined Mr. Aultman had fraudulently conveyed to himself and Mrs. Aultman at the expense of Electric M & R. The state court action by Electric M & R that culminated in the state court decision of May 22, 1998 was commenced on February 2, 1987, and was also filed and indexed as a *lis pendens* on the debtors' realty at or about the same time. *See Electric M & R, Inc. v.*

*Arthur Aultman and Dorothy Aultman,* No. 1190 of 1987 at 4 (Pa.Com.Pl.1998). The Pennsylvania court appears to have determined that the fraudulent conveyances by Mr. Aultman at Electric M & R's expense occurred between 1983 and 1986 but, in any event, most certainly occurred many years prior to May 22, 1998. *See Id.* at 11 and n. 9.

The debtors defend against stay relief in Electric M & R's favor by pointing out that the May 22, 1998 state court decision was not entered as a judgment upon the state court docket until June 24, 1998, which, of course, was subsequent to commencement of the instant bankruptcy case. Because of this, the debtors implicitly contend that said state court decision, and the constructive trust which was imposed pursuant to that decision, is deprived of any legal effect within the context of the instant bankruptcy case. The debtors argue alternatively that, if a constructive trust was impressed upon their realty via the May 22, 1998 state court decision, said constructive trust constitutes a voidable preference in this Court pursuant to 11 U.S.C. § 547 since said decision was rendered within thirty days of June 18, 1998, which is the date upon which the instant bankruptcy case was commenced. As evidenced by the debtors Bankruptcy Schedule C, the debtors propose to take an exemption of $33,880.00 in their residence, as well as $1.00 exemptions in the other three additional pieces of realty that they owned pre-petition.

## DISCUSSION

■ Before directly addressing the precise issues raised in the instant matter, the Court deems it essential to set forth pertinent law regarding constructive trusts in Pennsylvania, without which the instant matter cannot effectively be resolved. First, a constructive trust describes the relationship wherein the one holding legal title to property labors under an equitable duty to convey it to another. *See, e.g.,* 38 *Pennsylvania Law Encyclopedia Trusts* § 101 at 617–18 (West 1961) (citing *City of Philadelphia v. Heinel*

*Motors,* 142 Pa.Super. 493, 16 A.2d 761 (1941)). Second, and most importantly for resolution of the instant matter, Pennsylvania adheres to the majority view that constructive trusts arise when the facts giving rise to the fraud or wrong occur, which fraud or wrong constitutes the basis for impression of the constructive trust. *See Turney v. McKown,* 242 Pa. 565, 89 A. 797 (1914) ("a trust ex maleficio [ (ie., constructive trust) ] [1] can arise only at the inception of the [legal] title, from fraud when practiced in obtaining it"); *Grubbs v. Dembec,* 274 Pa.Super. 362, 418 A.2d 447, 451 note 1 (1980) ("Although a constructive trust may not be judicially decreed until many years subsequent to the transaction giving rise to the trust, the accepted theory is that the constructive trust is *in existence at the inception of the transaction,* ... and the beneficiary is possessed with an equitable interest in the trust property *prior to* the declaration of the constructive trust."); *see also In re General Coffee Corp.,* 828 F.2d 699, 702–03 (11th Cir.1987) (holding that Florida adheres to the majority view that constructive trusts exist from the moment that fraudulent transactions giving rise to them occur, and that constructive trusts generally exist long before a court grants equitable relief in such form).

■ Applying the above rule to the instant matter *absent the debtors' bankruptcy case,* the constructive trust impressed by the Pennsylvania court upon the debtors' realty arose in Electric M & R's favor as of the date upon which Mr. Aultman fraudulently conveyed property to himself and Mrs. Aultman at Electric M & R's expense. These fraudulent conveyances appear to have occurred between 1983 and 1986 but, in any event, most certainly occurred many years prior to May 22, 1998. Therefore, the constructive trust upon the debtors' realty arose in Electric M & R's favor many years prior to May 22, 1998. Furthermore, Electric M & R, as a result of the constructive trust in its favor, presently owns, and is deemed to have owned since the mid–1980's when the constructive

---

**1.** "A constructive trust has been often referred to as a trust 'ex maleficio.' " 38 *Pennsylvania Law*

*Encyclopedia Trusts* § 101 at 618.

trust arose in its favor, the equitable interest in the debtors' realty.

This Court concludes that, despite the advent of the instant bankruptcy case, the analysis in the preceding paragraph will not change. First, this Court disagrees with the debtors that the state court-imposed constructive trust upon the debtors' realty is null and void in the instant bankruptcy case merely because a judgment was not entered upon the state court docket until after the commencement of said case. Instead, this Court concludes that (a) the judgment entered upon the state court docket post-petition is neither null nor void, (b) the constructive trust at issue is thus also neither null nor void, and (c) the constructive trust, even though perhaps legally impressed post-petition, arose and existed pre-petition, or between 1983 and 1986 when Mr. Aultman fraudulently conveyed property to himself and Mrs. Aultman at Electric M & R's expense. *See infra* pp. 484–485. Second, and after a detailed analysis involving several Bankruptcy Code sections, this Court concludes that neither the debtors nor the Chapter 7 trustee can avoid the constructive trust in Electric M & R's favor. *See infra* pp. 485–486.

As a consequence, this Court holds that Electric M & R possessed the equitable interest in the debtors' realty via an unavoidable constructive trust prior to, as well as at the time of, the commencement of the instant bankruptcy case and, thus, said equitable interest does not constitute property of the debtors' bankruptcy estate. *See* 11 U.S.C.A. § 541(d) (West 1993) ("Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... but only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold"); *In re Columbia Gas Systems, Inc.,* 997 F.2d 1039, 1059 (3rd Cir.1993) ("Congress clearly intended the exclusion created by section 541(d) to include not only funds held in express trust, but also funds held in constructive trust"); *City of Farrell v. Sharon Steel Corporation,* 41 F.3d 92, 95 & 98–99 (3rd Cir.1994) ("the distinction between a direct trust (ie., one expressly created by the parties) and a constructive trust (ie., one imposed by law) has no relevance to the operation of § 541(d)"). Furthermore, Electric M & R is entitled to relief from the automatic stay at this time because (a) only bare legal title to, and not the equitable interest in, the debtors' realty constitutes property of the debtors' bankruptcy estate, and (b) legal title in the realty is worthless to the bankruptcy estate since the estate, as legal titleholder, has but one duty with respect to that title, which duty is to convey it to Electric M & R as beneficiary of the constructive trust.

Detailed analysis of the issues raised by the debtors, the resolution of which was alluded to above, follows.

### I. Whether the constructive trust in favor of Electric M & R is null and void since a judgment was not entered upon the state court docket until after the commencement of the instant bankruptcy case?

▇ The debtors appear to argue that (a) the constructive trust in Electric M & R's favor was not impressed upon their realty unless, and then not until, the Pennsylvania court entered a judgment on the state court docket in Electric M & R's favor based upon the May 22, 1998 order, and (b) since said judgment was ultimately so entered by the Pennsylvania court but not until six days after the commencement of the instant bankruptcy case, said judgment, as well as the constructive trust, is null and void. As an initial matter, this Court, because it is aware of at least some case and treatise authority to the contrary, questions the accuracy of the debtors' contention that the May 22, 1998 decision of the Pennsylvania court was without legal effect until a corresponding judgment was entered upon the state court docket. *See Lansdowne by Lansdowne v. G.C. Murphy,* 358 Pa.Super. 448, 517 A.2d 1318, 1322 (1986) (citing 49 C.J.S. *Judgments,* §§ 106, 107 & 109 n. 97) ("As between the parties, a judgment duly rendered [by a court] may be valid and effective, although not entered ... The enforcement of a judgment does not depend on its entry, or docket-

ing"). However, the Court need not concern itself with a precise resolution of that issue because the corresponding judgment in Electric M & R's favor, which was entered on the docket six days after commencement of the instant bankruptcy case, is nevertheless neither null nor void.

The debtors argue that said judgment, because it was entered upon the state court docket post-petition, must be null and void since it constitutes a violation of the automatic stay imposed as a result of the debtors' bankruptcy petition filing. However, the debtors are incorrect because (a) in Pennsylvania, the mere entry of a judgment upon a state court docket by the state court prothonotary is a purely ministerial act, *see Lansdowne*, 517 A.2d at 1321; *Gotwalt v. Dellinger*, 395 Pa.Super. 439, 577 A.2d 623, 625 (1990), and (b) performance of a purely ministerial act post-petition will not constitute a continuation of a judicial action or proceeding against the debtors in violation of 11 U.S.C. § 362(a)(1). *See, e.g., In re Soares*, 107 F.3d 969, 973–74 (1st Cir.1997); *Chase Manhattan Bank v. Celotex Corporation*, 852 F.Supp. 226, 227 (S.D.N.Y.1994); *In re Knightsbridge Development Co.*, 884 F.2d 145, 148 (4th Cir. 1989); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527–28 (2nd Cir.1994); *In re Papatones*, 143 F.3d 623, 626 (1st Cir. 1998); *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 86–87 (1st Cir.1998). As a consequence, neither the judgment in Electric M & R's favor, nor the constructive trust impressed upon the debtors' realty, is null and void for violation of the automatic stay.[2]

Furthermore, consistent with the holdings in *Turney v. McKown* and *Grubbs v. Dembec*, the constructive trust impressed on the debtors' realty, even though perhaps legally so impressed post-petition, arose and existed pre-petition, or between 1983 and 1986 when Mr. Aultman fraudulently conveyed property to himself and Mrs. Aultman at Electric M & R's expense. *See supra* p. 483.

## II. Whether the constructive trust impressed upon the debtors' realty in Electric M & R's favor is unavoidable in the instant bankruptcy case?

The debtors contend alternatively that, if a constructive trust was impressed upon their realty via the May 22, 1998 state court decision, said constructive trust constitutes a voidable preference in this Court pursuant to 11 U.S.C. § 547 since said decision was rendered within thirty days of the June 18, 1998 petition filing date. Although the debtors have technically only raised the issue of avoidability under § 547, the Chapter 7 trustee also appeared at the hearing on the stay relief motion, at which time he too raised tentative concerns as to whether Electric M & R's constructive trust could be avoided. Because he did not divulge precisely which Code sections he had in mind, the Court deems it necessary and appropriate, as well as efficient, to address at this time issues of avoidability vis-a-vis the Chapter 7 trustee's strong-arm powers under 11 U.S.C. § 544(a)(1) and (3).[3]

### A. Whether the constructive trust impressed upon the debtors' realty constitutes a voidable preference?

First, this Court notes that it does not need to determine whether the constructive trust in question was legally impressed upon the debtors' realty on May 22, 1998, since, even if it was legally so impressed post-petition, it nevertheless clearly arose and existed pre-petition. *See supra* p. 485. However, for two reasons, § 547(b) is of little use to the debtors or the trustee even if the constructive trust was legally impressed as of May 22, 1998, which is within thirty days of the commencement of the instant bankruptcy case.

First, because the constructive trust arose in Electric M & R's favor as of the date upon which Mr. Aultman fraudulently conveyed

---

2. This Court, simultaneous with its grant of stay relief to Electric M & R, orally directed Electric M & R to have the May 22, 1998 state court decision reentered as a judgment on the state court docket before Electric M & R pursued execution upon the debtors' realty. As it turns out, that oral direction was unnecessary.

3. The debtors technically have standing to raise avoidability issues under §§ 544(a) and 547(b) pursuant to 11 U.S.C. § 522(h).

property to himself and Mrs. Aultman at Electric M & R's expense, Electric M & R owned the equitable interest in said realty from the date of said fraudulent conveyances. That being the case, the debtors *never legally transferred* the equitable interest in their realty to Electric M & R, which means that there does not exist a transfer of said equitable interest which this Court could now avoid as preferential pursuant to § 547(b). Furthermore, even if this Court can discern a legal transfer of the equitable interest in the debtors' realty to Electric M & R via said constructive trust, said transfer would not be "of an interest of the debtor in [such] property." *See, e.g., In re Winkle,* 128 B.R. 529, 532–33 (Bankr.S.D.Ohio 1991); *In re Unicom Computer Corp.,* 13 F.3d 321, 324 (9th Cir. 1994). As a consequence, the constructive trust upon the debtors' realty in Electric M & R's favor could not have been avoided as a preference under § 547(b) in any event.

**B.** **Whether Electric M & R's constructive trust can be avoided pursuant to § 544(a)(1)?**

■ 11 U.S.C. § 544(a)(1) permits a trustee to

avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by … a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien.

11 U.S.C.A. § 544(a)(1) (West 1993). This Court concludes that this power also cannot be utilized to avoid Electric M & R's constructive trust. First, and for the reasons set forth in the immediately preceding part of this opinion, the impression by the Pennsylvania court of the constructive trust upon the debtors' realty never effected a "transfer of property of the debtor;" this conclusion is as applicable to § 544(a)(1) as it is to § 547(b).

■ Furthermore, and perhaps more importantly for purposes of § 544(a)(1), a judgment creditor (ie., a creditor obtaining a judicial lien), such as is the trustee for purposes

of § 544(a)(1), will not stand in priority as against one who possesses an earlier unrecorded equitable interest in realty via a constructive trust, such as is Electric M & R herein. This is because "[a] judgment creditor is not a purchaser and has no equity as such; he stands in the shoes of his debtor and is not entitled to the protection of a purchaser of the legal title as against an equitable owner or his creditors." 20A *Pennsylvania Law Encyclopedia Judgments* § 353 at 278 (West 1990); *see also Id.* at § 354 at 280–81 ("It has been held that judgment creditors do not come within the recording acts, and an actual conveyance of land, though unrecorded, is binding as against a judgment entered subsequent to the date and delivery of the deed."); *Restatement (First) of Restitutions* §§ 160, 173 (1936); *General Coffee Corp.,* 828 F.2d at 706–07.

Therefore, § 544(a)(1) is of no use to the debtors or the Chapter 7 trustee in avoiding the constructive trust impressed upon the debtors' realty in Electric M & R's favor.

**C.** **Whether Electric M & R's constructive trust can be avoided pursuant to § 544(a)(3)?**

■ 11 U.S.C. § 544(a)(3) provides that a trustee has, as of the commencement of a bankruptcy case,

the rights and powers of … a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C.A. § 544(a)(3) (West 1993). This Court concludes that this power cannot be utilized by the debtors or the Chapter 7 trustee to avoid Electric M & R's constructive trust despite the fact that, as noted above, a bona fide purchaser, as opposed to a judgment creditor, is entitled to the protection of the recording acts. Section 544(a)(3) is of no use here because Electric M & R's state cause of action against the debtors—from which action the debtors received, *inter*

*alia*, the remedy of a constructive trust—was filed and indexed as a *lis pendens* against the debtors' realty on or about February 2, 1987. As a result, said *lis pendens* filing/indexing would have placed any bona fide purchaser of the debtors' realty on constructive notice that Electric M & R might have an equitable interest in said realty via a constructive trust pending the outcome of the state court litigation between Electric M & R and the debtors. *See In re Cole,* 60 B.R. 325, 327 (Bankr. E.D.Pa.1986); *In re W & L Associates, Inc.,* 1988 WL 47598 (Bankr.E.D.Pa.1988). Because of this constructive notice, § 544(a)(3) is rendered inoperative in this matter.

### CONCLUSION

In accordance with the above analysis, this Court holds that Electric M & R possessed the equitable interest in the debtors' realty via an unavoidable constructive trust prior to, as well as at the time of, the commencement of the instant bankruptcy case and, thus, said equitable interest does not constitute property of the debtors' bankruptcy estate. Furthermore, Electric M & R is entitled to relief from the automatic stay at this time because (a) only bare legal title to, and not the equitable interest in, the debtors' realty constitutes property of the debtors' bankruptcy estate, and (b) legal title in the realty is worthless to the bankruptcy estate since the estate, as legal titleholder, has but one duty with respect to that title, which duty is to convey it to Electric M & R as beneficiary of the constructive trust. Therefore, the Court granted Electric M & R's motion for relief from the automatic stay for the purpose of executing upon the debtors' realty which comprises the corpus of the constructive trust impressed in Electric M & R's favor.