**In re Jayne H. KIESEWETTER, Debtor.**

**Constance K. Elliott; Patricia J. Kiesewetter; Linton A. Elliott; Jonathan B. Elliott; and Charles L. Elliott, Movants,**

v.

**Jayne H. Kiesewetter, Respondent.**

No. 05–38469JAD.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 1, 2006.

John P. Lacher, Pittsburgh, PA, for Debtor.

*MEMORANDUM ORDER (A) COMPELLING ADEQUATE PROTECTION, AND (B) GRANTING CONDITIONAL RELIEF FROM STAY*[1]

JEFFERY A. DELLER, Bankruptcy Judge.

AND NOW, this 1st day of February, 2006, the Court having heard the Movants' Motion for Relief From Stay and the Objection of the Respondent, and having considered the record made before the Court, the Court hereby FINDS AS FOLLOWS:

A. Constance K. Elliott, Patricia J. Kiesewetter, Linton A. Elliott, Jonathan B. Elliott and Charles L. Elliott (hereinafter referred to as the "Movants") were plaintiffs in a lawsuit concerning fraudulent conveyances before Judge Lancaster of the United States District Court for the Western District of Pennsylvania, docketed at Civil Action No, 94–0576. Defendants in that action were Jayne H. Kiesewetter (hereinafter referred to as the "Respondent") and her non-debtor husband, William B. Kiesewetter. Following years of litigation and

---

1. This Memorandum Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. The facts, as presented, were not disputed by the parties at the hearing held on December 21, 2005. In addition, the Court takes judicial notice of the facts and circumstances surrounding the debtor's bankruptcy filing as set forth in the Court's file, including the statements made by the debtor in documents filed on her behalf. *See* Fed.R.Evid. 201; *Nantucket Investors, II v. California Federal Bank (In re Indian Palms Associates, Ltd.)*, 61 F.3d 197, 204–206 (3d Cir.1995).

a jury trial, an order was granted by Judge Lancaster stating in pertinent part that the Property (as defined in paragraph D of this Order) was to be sold by way of execution (the proceeds being paid to the Movants) and held in constructive trust for the benefit of the Movants until such time. This order and the judgments contained within it were upheld on appeal to the Third Circuit Court of Appeals. (*See* Bankruptcy Case Doc. No. 24—Motion for Relief From Stay (Exhibits 1—2); Adversary Proceeding Doc. No. 9—Motion to Dismiss Case/ *Complaint* (Exhibits 12–16)).

B. Following entry of the order and judgments by Judge Lancaster, the Respondent and her husband claimed that the Property constituted a homestead exemption under Section 4, Article X of the Florida State Constitution. The Movants then commenced proceedings against the Respondent and her husband in Florida state court, obtaining a judgment that declared the Property non-exempt and entitled the Movants to proceed with levy and execution. *See Elliott v. Kiesewetter*, Case No. 502003CA 012611XXORAF (Fla. 15th Cir. Ct. Palm Beach County, filed Aug. 4, 2004). A stay of execution was entered pending final appeal however, as long as certain enumerated conditions were met by the Respondent and her husband. These conditions included placing a quit-claim deed transferring the Property to the Constance K. Elliott and Patricia J. Kiesewetter into escrow and the payment of One–Thousand Eight-hundred dollars ($1,800.00) a month rent from November 1, 2004, going forward. Subsequently, the Florida state court judgment was affirmed on appeal *per curiam* on October 5, 2005. With no further appeals filed within thirty (30) days of the affirmation, the judgment has become final in all respects.

(*See* Bankruptcy Case Doc. No. 24— Motion for Relief From Stay (Exhibits 3–6)).

C. On October 14, 2005, the Respondent commenced this bankruptcy case at 05–38469JAD (the "Bankruptcy Case") by filing a bankruptcy petition under Chapter 11 of Title 11 of the United States Code (hereinafter referred to as the "Bankruptcy Code"). (*See* Bankruptcy Case Doc. No. 1—Chapter 11 Voluntary Petition).

D. On November 29, 2005, the Movants filed a Motion for Relief from Stay. The Motion was in reference to property subjected to the automatic stay provisions of the Code, said property being a condominium being located at 13254 Polo Club Road, Meadowbrook C–104, West Palm Beach, FL (hereinafter referred to as the "Property"). (*See* Bankruptcy Case Doc. No. 24—Motion for Relief From Stay).

E. Prior to filing for bankruptcy, the Respondent's husband brought several state court actions in the Court of Common Pleas in Allegheny County, PA claiming, among other things, "fraud on the court" regarding the actions heard before Judge Lancaster. These actions challenge the validity of the judgments entered by Judge Lancaster and allege that the Movants, among others, perjured themselves, presented false evidence and conspired to do the same. The State Court Actions were consolidated, for procedural purposes, by Judge Wettick at case No. AR 01–005903 in the Court of Common Pleas. The Movants subsequently removed the actions to this court at Adversary No. 05–03171–JAD (the "Adversary Proceeding") and the Adversary Proceeding was eventually sent to the District Court, under a Motion to Withdraw Reference. This Motion to Withdraw refer-

ence remains pending. All proceedings in the Adversary Proceeding in the bankruptcy court were stayed pending the decision of the District Court in regard to the Motion to Withdraw Reference This includes a Motion to Remand filed by the Respondent and a Motion to Dismiss filed by the Movants. (*See* Adversary Proceeding Doc. No. 9— Motion to Dismiss Case/ *Complaint;* Adversary Proceeding Doc. No. 12—Motion to Withdraw Reference; Adversary Proceeding Doc. No. 25—Motion for Remand and Abstention; Adversary Proceeding Doc. No. 36—Order of Court). F. A hearing was held in relation to the Movants' Motion for Relief from Stay on December, 21, 2005. At this hearing, and as stated in the Debtor's bankruptcy petition, it was discovered that the Respondent and her husband have been residing in Oakmont, Pennsylvania at a Days Inn hotel/motel, with a P.O. Box serving as their address. The Court then instructed the Parties to file briefs on the issue of whether or not the Complaint in Equity removed to this Court is relevant to the Court's disposition of the Motion for Relief From Stay. No further hearing was to be held unless specifically requested by one or both parties, and the Court has not received any such request. (*See* Bankruptcy Case Doc. No. 38—Proceeding Memo for Hearing Held 12/21/2005).

■ After the hearing of December 29, 2005, and upon due consideration of the parties' arguments and briefs in support of their arguments (*See* Bankruptcy Case Doc. Nos. 47 and 54), and points of law which the Court finds pertinent to this ruling, the Court concludes that the constructive trust put into effect by Judge Lancaster has effectively stripped the Re-

spondent of equitable ownership of the Property, leaving her with bare legal title. Courts have held that such bare legal title is not properly classified as property of the estate under § 541 of the Bankruptcy Code, and therefore cannot be administered through the estate. *See In re Columbia Gas,* 997 F.2d 1039, 1059 (3rd Cir.1993)("Congress clearly intended the exclusion [of trust funds from the debtor's estate] created by § 541(d) to include not only funds held in express trust, but also funds held in constructive trust."); *In re Aultman,* 223 B.R. 481, 484 (Bankr. W.D.Pa.1998) In turn, the Property cannot benefit from the automatic stay provisions of § 362 of the Bankruptcy Code.

■ However, the claims of the Respondent that were delivered to the District Court by way of Movants' Motion for Withdraw of Reference remain pending. If found to be true, the accusations within those claims could alter the effectiveness of the constructive trust imposed by Judge Lancaster. Absent a constructive trust, the Respondent would have both an equitable and legal interest in the Property as of the commencement of the case. This interest would pass into the bankruptcy estate and enjoy the benefits of the § 362 stay. *In re Bigalk,* 75 B.R. 561, 568 (Bankr.D.Minn.1987). With the possibility of such a situation, it is prudent to maintain the status quo, notwithstanding the speculative nature of the Respondents' causes of action.[2] This conclusion is particularly acute since Movants requested that this Court stay the prosecution of the Adversary Proceeding pending the District Court's adjudication of the Motion to Withdraw Reference.

■ Movants, nonetheless, are entitled to adequate protection. *See* 11 U.S.C.

2. Nothing contained herein should be deemed or construed to be a determination of the

bona fides of the "fraud on the court" claims asserted by the Respondents.

§ 361. As adequate protection to the Movants' interests, the Court hereby ORDERS that the Respondent comply completely with the following (the "Adequate Protection Compliance Events"):

1. The Respondent shall adequately protect the Movants by paying an amount equal to One–Thousand Eight Hundred dollars ($1,800.00) [3], by means of cash or cash equivalent (hereinafter referred to as the "Funds"), to the law firm of Meyer, Unkovic and Scott LLP on the 1st of each month, retroactive to the date of the filing of the bankruptcy petition and such monthly payments shall continue to be paid by Respondent pending further order of the Court. The Funds shall be held in an interest-bearing escrow account of Meyer, Unkovic and Scott LLP. Any arrearage currently owed by the Respondent shall be cured within thirty (30) days of the entry of this Order. The funds shall be released *only* upon order of the Court.

2. The Respondent shall provide to the Movants evidence that adequate insurance exits on the Property and that said insurance is current. The Respondent shall also be responsible for maintaining insurance on the Property going forward pending further Order of the Court.

3. The Respondent shall provide to the Movants evidence that all property taxes relating to the Property are current. The Respondent shall also be responsible for paying all property taxes on the Property going forward pending further Order of the Court.

4. The Respondent shall be responsible for maintenance of, and ordinary repairs to, the Property.

5. The Respondent shall allow the Movants and/or their agent(s) an opportunity to inspect the Property. Said inspection(s) shall be at a reasonable time and be preceded by reasonable notice to the Respondent or Respondent's legal counsel.

IT IS FURTHER ORDERED THAT time is of the essence in regards to each and every Adequate Protection Compliance Event in this Order. If the Respondent fails to timely and promptly complete any of the duties set forth herein, the automatic stay shall be deemed unconditionally lifted as it affects the interests of the Movants with respect to the Property upon the filing of an Affidavit of Default by Movants without further hearing or without entry of an additional order. Such Affidavit of Default shall contain a statement of default as supported by the Movants' own records.

---

3. This sum is equal to the adequate protection payments required by the Florida courts. At the hearing on this matter, counsel to the debtor had no opposition to the debtor's payment of such amounts.